IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION

| | | |
|---|---|---|
| MARCUS DEWAYNE PRESLEY, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | CIVIL ACTION NO. 1:18-cv-328-TFM-N |
| | ) | |
| TERRY RAYBON, *et al.,* | ) | |
| | ) | |
| Defendants. | ) | |

**ORDER**

On June 11, 2019, the Magistrate Judge entered a report and recommendation which recommends this action be dismissed without prejudice for failure to prosecute and to comply with the court's orders. *See* Doc. 33. Objections were due on June 25, 2019. Originally, it appeared that no objections were timely filed. As such on July 3, 2019, the Court adopted the report and recommendation noting that no objections were filed. *See* Doc. 34. On July 9, 2019, objections received from Plaintiff Presley were docketed. *See* Doc. 36. The objections show a post mark of July 1, 2019, but the certificate of service states they were signed June 24, 2019. *Id*. at 3-4. As such, the Court considers the objections to be timely filed.

### I. Law Generally

Fed. R. Civ. P. 41(b) authorizes dismissal of a complaint for failure to prosecute or failure to comply with a court order or the federal rules. *Gratton v. Great Am. Commc'ns*, 178 F.3d 1373, 1374 (11th Cir. 1999). Further, such a dismissal may be done on motion of the defendant or *sua sponte* as an inherent power of the court. *Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005). "[D]ismissal upon disregard of an order, especially where the litigant has been forewarned, generally is not an abuse of discretion." *Vil v. Perimeter Mortg. Funding Corp.*,

715 F. App'x 912, 915 (quoting *Moon v. Newsome*, 863 F.2d 835, 837 (11th Cir. 1989)). "[E]ven a non-lawyer should realize the peril to [his] case, when [he] . . . ignores numerous notices" and fails to comply with court orders. *Anthony v. Marion Cty. Gen. Hosp.*, 617 F.2d 1164, 1169 (5th Cir. 1980); *see also Moon*, 863 F.2d at 837 (As a general rule, where a litigant has been forewarned, dismissal for failure to obey a court order is not an abuse of discretion.). Therefore, the Court finds it appropriate to exercise its "inherent power" to "dismiss [Plaintiff's claims] *sua sponte* for lack of prosecution." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630, 82 S. Ct. 1386, 8 L. Ed. 2d 734 (1962); *see also Betty K Agencies, Ltd. v. M/V Monada*, 432 F.3d 1333, 1337 (11th Cir. 2005) (describing the judicial power to dismiss *sua sponte* for failure to comply with court orders).

## II. DISCUSSION

The Special Report was converted to a motion for summary judgment on April 12, 2019. *See* Doc. 32. Plaintiff was instructed to notify the Court on or before May 6, 2019 if he wished to continue this lawsuit and that failure to respond would be treated as an abandonment of the claims. *Id*. at 4. Additionally, any response in opposition to the motion for summary judgment would be due by June 3, 2019. *Id*. at 2. Plaintiff did not meet or respond to either deadline.

Rather, in response to the report and recommendation, Plaintiff objects and indicates he wants to continue to prosecute this action. *See* Doc. 36. He offers that the reason he failed to respond is he was confined to the segregation unit of the prison and denied access to legal assistance from the fellow inmate that helped him file the suit. *Id*. at 1-2. He indicates that he sent the Court order to that inmate, but "it is apparent that the inmate [never] got the order" which is the reason he failed to respond. *Id*. at 2. Plaintiff was then released from segregation on June 14, 2019 and found another inmate willing to assist him. *Id*.

The problem Plaintiff has is that he failed to communicate with the Court at multiple stages. He indicates he received the Court order, but simply failed to respond because of the lack of assistance from his fellow inmates. At no time did he request additional time or explain the situation until after the report and recommendation was entered. The order was entered on April 12, 2019 which gave him two specific deadlines – May 6, 2019 and June 3, 2019. Both deadlines passed without any word from the Plaintiff that he was having difficulties.

Plaintiff was warned in the April 12, 2019 order that failure to respond by the deadline would be considered by the Court as an abandonment of the prosecution of the case and that the case would be dismissed. *See* Doc. 32 at 4. Ultimately, Plaintiff was responsible for his own case (with or without the assistance of his fellow inmates). He did not timely respond and was aware of the consequences of that failure. To hold otherwise would render Court deadlines meaningless in such situations as prisoners could repeatedly blame their fellow inmates for their failure to adhere to deadlines.

### III. CONCLUSION

Therefore, after due and proper consideration of all portions of this file deemed relevant to the issue raised, and a *de novo* determination of those portions of the Report and Recommendation to which objection is made, the Report and Recommendation of the Magistrate Judge is again **ADOPTED** and this action is hereby **DISMISSED without prejudice** for failure to prosecute and obey the Court's order.

**DONE** and **ORDERED** this the 11th day of July, 2019.

/s/Terry F. Moorer
TERRY F. MOORER
UNITED STATES DISTRICT JUDGE